IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:01-cr-00042-SPM-AK

JOSE MIKEL SMITH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 42, Motion to Vacate under 28 U.S.C. § 2255, by Jose Mikel Smith. Defendant maintains that he should be resentenced pursuant to *Booker* because "his sentence exceeds the maximum authorized by the jury's verdict alone." Doc. 42, Memorandum at 4.

Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as well. *United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2204). However, the Eleventh Circuit has determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 42, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 21st day of November, 2005.

> s/A. Kornblum
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**